**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-109-DLB**

**STARLING ORLANDO HAIRSTON**                                      **PETITIONER**

**VS.**                        **MEMORANDUM ORDER**

**C. ENTZEL, ACTING WARDEN**                                     **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Federal inmate Starling Orlando Hairston filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in which he argues that the Federal Bureau of Prisons (BOP) incorrectly determined that he is ineligible to earn First Step Act (FSA) time credits. (Doc. # 1). Hairston's petition is now before the Court on initial screening pursuant to 28 U.S.C. § 2243.

The Court has reviewed Hairston's submission but will deny his request for relief. As an initial matter, Hairston acknowledges that he was convicted of multiple federal crimes in the United States District Court for the Western District of Virginia, including distribution of methamphetamine in violation of 21 U.S.C. § 841 and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). (*See* Doc. # 1-1 at 2-3). Hairston was then sentenced to 120 months in prison for his § 841 conviction and 60 months in prison for his § 924(c) conviction, and the Western District of Virginia ordered those sentences to be served consecutively, for a total of 180 months in prison. (*See id.* at 2; *see also United States v. Starling Hairston*, No. 5:20-cr-034 (W.D. Va. 2021)).

1

This Court recognizes that the FSA allows a prisoner to earn time credits towards pre-release custody or supervised release if he successfully participates in evidence-based recidivism reduction programs and other productive activities. *See* 18 U.S.C. § 3632(d)(4). However, the FSA also provides that a prisoner is ineligible to receive such time credits if he is serving a sentence for a disqualifying offense, and the statute specifically includes possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) as one such disqualifying offense. *See id.* at § 3632(d)(4)(D)(xxii). Given Hairston's § 924(c) conviction, the BOP properly determined that he was ineligible to earn FSA time credits. (Docs. # 1-4 at 7, 1-6 at 4, 1-7 at 4, 1-8 at 4).

Hairston does not dispute the foregoing facts. Instead, Hairston argues that he is also currently serving time for a § 841 conviction (which is not a disqualifying offense), and, as a result, he should be able to earn FSA time credits against that portion of his sentence. However, 18 U.S.C. § 3584(c) provides that the BOP shall aggregate multiple prison sentences "for administrative purposes," and many courts, including this one, have upheld the BOP's decision to aggregate sentences for FSA time credit purposes. *See, e.g., Ledford v. LeMaster*, No. 0:23-cv-030-DLB, 2023 WL 2905376 (E.D. Ky. 2023). In fact, the Sixth Circuit has specifically affirmed such a decision from this Court, saying that it "did not err in concluding that [Petitioner's] aggregated sentence precluded him from receiving earned time credit under the FSA and denying his § 2241 petition." *Keeling v. LeMaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023). For these reasons, his habeas petition will be denied.

2

Accordingly, **IT IS ORDERED** as follows:

(1) Hairston's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 3rd day of December 2024.



Signed By:
*David L. Bunning*  DB
United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Hairston 0-24-109 Memorandum.docx